

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. C. Neaves
County Auditor
Grayson County
Sherman, Texas

Dear Sir:

Opinion No. O-5577
Re: Authority of Tax Assessor-
Collector of Grayson County
and his deputies, acting in
their official capacities,
to take affidavit required
by Section 33 of the Certif-
icate of Title Act (Art.
1436-1 V. A. P. C.)

In your letter of August 23, 1943, you inquire:

"May the Tax Assessor and Collector of Taxes
in Grayson County, Texas, or his deputies adminis-
ter oaths and affidavits in regard to applications
for a transfer of motor vehicles, etc., under their
official capacity, and not as a Notary Public if
they so desired? . . . . In other words, if a dep-
uty tax collector takes an affidavit for transfer
of a certificate of title, not being a notary public,
would it be mandatory that the Highway Department
accept the same?"

Section 33 of the Certificate of Title Act provides:

"No motor vehicle may be disposed of at sub-
sequent sale unless the owner designated in the
certificate of title shall transfer the certificate
of title on form to be prescribed by the Department

Hon. R. C. Neaves, Page 2

before a Notary Public, which form shall include, among such other matters as the Department may determine, an affidavit to the effect that the signer is the owner of the motor vehicle, and that there are no liens against such motor vehicle, except such as are shown on the certificate of title and no title to any motor vehicle shall pass or vest until such transfer be so executed." (Emphasis added)

Pursuant to this Section the Highway Department has prescribed a form denominated "Assignment of Title," which form is printed on the back of the original certificate of title for motor vehicles. We assume that your inquiry is directed to this instrument.

While the wording of Section 33 is perhaps somewhat awkward, it seems apparent that the phrase "before a Notary Public" was intended to relate to the clause "the owner . . . shall transfer the certificate of title" and that the intent of the Legislature was to require that the necessary affidavit be taken only by a Notary Public.

This conclusion would automatically answer your inquiry were it not for the doubts raised by the following language of the Supreme Court in the case of Harris County v. Hall, 172 S. W. (2d) 691:

"But Hall contends that prior to the 1941 amendment of Art. 7246a his office had no authority to take and certify the affidavits in question and that, therefore, his deputies in taking them were acting as notaries public and not as his deputies. It is true that in 1941 the legislature did amend Art. 7246a by specially providing that in counties with a population of 500,000 or more the assessors and collectors of taxes and their deputies should be empowered to administer oaths and affidavits covering bills of sale and applications for transfer of motor vehicles, etc., and should be authorized to collect a fee of 25 cents

for each such oath or affidavit, the same to be
accounted for as a fee of office. However, we
think that the assessor and collector already
had that authority by virtue of Art. 7246a,
prior to the above amendment, reading as follows:
'The Assessor and Collector of Taxes, Sheriff, or
Sheriff and Assessor and Collector of Taxes, are
hereby authorized and empowered, to administer
all oaths necessary for the discharge of the
duties of their respective offices, and to ad-
minister all oaths required for the transaction
of business of their respective offices.'  Acts
1935, 44th Leg., p. 416, ch. 166, sec. 1.  Sec-
tion 2 of this Act recites that it was passed as
an emergency measure because the officers referred
to were not then allowed to administer all oaths
necessary for the transaction of the business of
their offices.  Since the registration of motor
vehicles had been made a duty of the assessor and
collector, it follows that whenever an oath was
necessary to the transaction of that business, the
assessor and collector or his deputy had the author-
ity to administer it, under the Act of 1935, supra.
That the Act of 1941 deals with the matter in more
specific terms does not mean that the authority did
not already exist under the broad language of the
earlier statute."

     If this language could be lifted from its context
and given a literal interpretation, then, notwithstanding the
mention of a notary public in Section 33, it would appear that
a tax assessor-collector and his deputies are qualified to take
the affidavits in question.  However, a further examination of
this case precludes such a construction.  The controversy in
Harris County v. Hall, supra, concerned "affidavits incident
to the issuance of automobile licenses, transfers, bills of
sale, destroyed vehicles, or any other automobile services"
for the years of 1935, 1936 and 1937 (pp. 692-693 supra).
Section 33 of the Certificate of Title Act was passed in 1939.
The statutes prescribing the forms for each of the types of
instrument mentioned in the Court's opinion either merely re-
quired an "affidavit" without specifying before whom such

Hon. R. C. Heaves, Page 4

affidavit should be executed (Sections 12a, 13a and 12b of Article 6675a V. A. C. S., dealing with the issuance of duplicate license receipts, the issuance of replacement license plates and the registration of rebuilt automotive vehicles, and Article 1436 V. A. P. C., prior to its repeal, dealing with bills of sale for transfer of title), or left the details of such form to the discretion of the Highway Department and said Department also merely required an affidavit without naming the persons before whom such affidavit should be taken ( Section 3b of Article 6675a V. A. C. S., dealing with refunds of registration fees of destroyed vehicles). Had Section 33 of the Certificate of Title Act contained only a similar requirement, we feel that Harris County v. Hall, supra, would justify the conclusion that a tax assessor-collector and his deputies could take such affidavit. However, in Section 33 the Legislature saw fit not only to require an affidavit but also to provide that such affidavit be made "before a Notary Public." Such provision is a particular provision which relates only to the type of affidavit mentioned in that Section. As is said in 39 Tex. Jur. §114:

"In case of conflict between a general provision and a special provision dealing with the same subject, the former is controlled or limited by the latter; and this is so whether the provisions in question are contained in the same act or in different enactments. In other words, when a statute makes a general provision apparently for all cases and a special provision for a particular case or class, the former yields and the latter prevails in so far as the particular case or class is concerned. In such circumstances, the special provision or statute is regarded as though it were an exception or proviso, removing something from the operation of the general law."

The 1941 amendment to Article 7246a, mentioned above in the Court's opinion, reenacted the provisions of this Article which were contained in the original act of 1935, and added a special provision applicable only to counties with a

population of more than 500,000. The latter provision is plainly inapplicable to Grayson County because the population of said County as shown by the 1940 federal census is only 69,499. The former provisions deal generally with oaths required for the transaction of the business of the officers named therein. Since these provisions are general they must yield to the specific provision relative to the same subject contained in Section 33 of the Certificate of Title Act. Stated differently, the particular provisions of Section 33 make the affidavit required therein an exception to the general rules governing affidavits of the type covered by Article 7264a.

Consequently, you are respectfully advised that neither the tax assessor-collector of Grayson County nor his deputies, acting only in their official capacities, may take the affidavit required by Section 33 of the Certificate of Title Act.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED SEP 3, 1943

*R W Fairchild*

ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *R. Dean Moorhead*

R. Dean Moorhead
Assistant

RDM:fo

APPRO
OPINI
COMMI